IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LEON THOMAS BURNETT | § | |
| VS. | § | CIVIL ACTION NO. 1:12-CV-290 |
| FEDERAL BUREAU OF PRISONS, ET AL. | § | |

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, Leon Thomas Burnett, a state prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of mandamus.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends this petition for writ of mandamus be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds the objections lacking in merit. At the time he received a federal sentence of imprisonment, petitioner was serving a state sentence. Before he discharged his initial sentence, petitioner received additional state sentences. He asserts that upon completion of his initial state sentence, he should be transferred to federal custody to serve his federal sentence before serving his additional state sentences. In *Disiere v. Dretke*, 115 Fed. Appx. 210 (5th Cir. 2004), similar facts were presented to the United States Court of Appeals for the Fifth Circuit. In that case, the Fifth Circuit concluded the petitioner's contention regarding when he should begin serving his federal sentence were without merit. Similarly, the present petition is without merit. Furthermore, as stated in the Report and Recommendation of the United

States Magistrate Judge, the BOP cannot designate a place of confinement until petitioner is in federal custody. *See United States v. Miller*, 594 F.3d 1240, 1242 (5th Cir. 2010), citing *Hernandez v. United States*, 689 F.2d 915, 919 (10th Cir. 1982).

Petitioner also appears to contend the effect of the federal district court's sentencing order in the present case was to order his federal sentence to run consecutive to any future state sentences that were yet to be imposed. The record simply does not bear this out. The sentencing judge, the Honorable United States District Judge Thad Heartfield, only ordered his federal sentence to run consecutive to the state charges pending in Cause Nos. 530001 and 530916 in Harris County. *See* 1:99CR3, docket entry no. 26. The two additional state offenses occurred while petitioner was in state custody and could not be anticipated. As the Magistrate Judge correctly concluded, a person who has violated both state and federal criminal statutes may not complain of the order in which he is tried or punished for the offenses. *United States v. Londono*, 285 F.3d 348, 356 (5th Cir. 2002); *Causey v. Civiletti*, 621 F.2d 291, 294 (5th Cir. 1980) (quoting *Gunton v. Squier*, 185 F.2d 470, 471 (95th Cir. 1995)). Furthermore, petitioner cites to *U.S. v. Clayton*, 927 F2d 491 (9th Cir. 1991) and *McCarthy v. Doe*, 146 F.3d 118 (2nd Cir. 1998), in support of his argument that a federal district court lacks authority to order a federal sentence to run consecutive to a state sentence that has not yet been imposed. First, these cases deal with state charges that were pending and state sentences that were anticipated. More important, these cases have now been called into question by a recent Supreme Court opinion, *Setser v. United States*, 132 S.Ct. 1463, 1473 (2012). In this case, the Supreme Court held it is within a district court's discretion to order a defendant's sentence run consecutively to an anticipated state sentence.

Finally, petitioner argues he is entitled to some time credit as he has been held in "constructive custody" for more than 13 years due to the federal detainer placed on him. Again, this request is premature as petitioner is not in federal custody. Once in federal custody, petitioner can request such a credit through the appropriate BOP procedures.

ORDER

Accordingly, the objections of petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **17** day of **August, 2012.**

_____
Ron Clark, United States District Judge